IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE JONES, | 1:05-CV-1277 OWW SMS P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |
| M. BRIGGS, et al., | |
| Defendants. | |

Plaintiff Monroe Jones ("plaintiff") is proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On September 28, 2006, the court issued an order requiring plaintiff to submit an application to proceed in forma pauperis or pay the filing fee within thirty days of the date of service of the order. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.[1]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

---

[1] The United States Postal Service returned the order on October 10, 2006 as undeliverable. A notation on the envelope indicates they are unable to forward; no such number; vacant. However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1

1  control their dockets and "in the exercise of that power, they may impose sanctions including, where
2  appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).
3  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure
4  to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-
5  54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,
6  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
7  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with
8  local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service,
9  833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v.
10 Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to
11 comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure
12 to obey a court order, or failure to comply with local rules, the court must consider several factors: (1)
13 the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
14 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
15 and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d
16 at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

17         In the instant case, the court finds that the public's interest in expeditiously resolving this
18 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
19 been pending since July 28, 2006. The third factor, risk of prejudice to defendants, also weighs in favor
20 of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
21 prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --
22 public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor
23 of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's
24 order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v.
25 Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order
26 requiring plaintiff to submit an application to proceed in forma pauperis expressly stated: "Failure to
27 comply with this order will result in a recommendation that this action be dismissed." Thus, plaintiff
28

had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on plaintiff's failure to obey the court's order of September 28, 2006.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 3, 2007**                     **/s/ Sandra M. Snyder**
icido3                                             UNITED STATES MAGISTRATE JUDGE