UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MONROE JONES, | ) | 1:05-cv-01277-LJO-SMS-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR ACCESS TO COURTS |
| | ) | |
| vs. | ) | |
| | ) | |
| M. BRIGGS, et al., | ) | (Doc. 19) |
| | ) | |
| Defendants. | ) | |

Plaintiff, Monroe Jones ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 1, 2007, plaintiff filed a motion for access to the courts. Plaintiff alleges that prison officials at Kern Valley State Prison denied him access to the prison law library because he does not have a pending deadline in a court action. Plaintiff alleges that he needs to spend time learning how to operate the computers at the law library, so he can properly litigate his case. Plaintiff alleges that the failure of prison officials to allow him to access the law library violated his rights by denying him access to the courts.

Although plaintiff alleges that he was denied access to the courts, plaintiff's allegations do not support such a claim. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to ***bring*** to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. (emphasis added.) The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

1

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff has alleged no facts that demonstrate he has suffered an actual injury. The fact that plaintiff is not able to litigate his action as effectively as he might like does not give rise to an access claim. Therefore, plaintiff's motion for access to the courts shall be denied.

IT IS SO ORDERED.

**Dated:    March 26, 2008**           /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE