# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>M. BRIGGS, et al.,<br><br>        Defendants.<br>_____/ | 1:05-cv-01277-LJO-SMS-PC<br><br>ORDER FINDING PLAINTIFF INELIGIBLE TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY $250.00 FILING FEE WITHIN THIRTY DAYS OR THIS ACTION WILL BE DISMISSED<br><br>ORDER VACATING ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 16.)<br><br>ORDER VACATING ORDER DIRECTING CDC TO MAKE PAYMENT OF FILING FEE (Doc. 17.) |

     Plaintiff Monroe Jones ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, filed on July 28, 2005 at the United States District Court for the Northern District of California. On September 12, 2005, the case was transferred to the Eastern District of California and received at this Court on October 7, 2005. (Doc. 1.) On April 18, 2007, plaintiff filed an application to proceed in forma pauperis and a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915. (Doc. 15.) On May 21, 2007, the court granted plaintiff's application to proceed in forma pauperis and issued an order to the California Department of Corrections ("CDC") to deduct funds from plaintiff's prison trust account and forward payment of

1

1  the filing fee to the court.[1]  (Docs. 16, 17.)  However, the court now finds that plaintiff is precluded
2  from proceeding in forma pauperis in this action.  See 28 U.S.C. §1915(g).

3       28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under
4  this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
5  facility, brought an action or appeal in a court of the United States that was dismissed on the grounds
6  that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the
7  prisoner is under imminent danger of serious physical injury."  To date, plaintiff has filed at least
8  three actions which were dismissed as frivolous, as malicious, or for failing to state a claim upon
9  which relief may be granted.[2]  Thus, plaintiff is subject to section 1915(g) and is precluded from
10 proceeding in forma pauperis unless plaintiff is, at the time the complaint is filed, under imminent
11 danger of serious physical injury.

12      The court has reviewed plaintiff's complaint and finds that plaintiff has alleged no facts that
13 support a finding he is, at this time, under imminent danger of serious physical injury.  Accordingly,
14 plaintiff may not proceed in forma pauperis, and must submit the appropriate filing fee in order to
15 proceed with this action.   It follows that the court must vacate its order granting leave for plaintiff
16 to proceed in forma pauperis and its order directing the CDC to make payment of the filing fee.

17      Based on the foregoing, it is HEREBY ORDERED that:

18      1.    Pursuant to 28 U.S.C. § 1915(g), plaintiff is ineligible to proceed in forma pauperis
19           in this action;

---

[1] According to the Court's financial records, no payment has been made for the filing fee in this action to date.  Therefore, the entire $250.00 filing fee is owed.

[2] The court takes judicial notice that Plaintiff has had at least three prior prisoner civil actions dismissed on the grounds that they failed to state a claim upon which relief may be granted within the meaning of section 1915(g): Jones v. Hennsely, Civil Case 90-3067 JPV (N.D. Cal.) (03/01/91 Order dismissing case for failure to state a claim); Jones v. State of California, Civil Case 90-3293 JPV (N.D. Cal.) (03/18/91Order dismissing case for failure to allege a violation of either federal law or the constitution); Jones v. San Francisco County, Civil Case 90-3440 JPV (N.D. Cal.) (04/08/91 Order dismissing case for failure to state a claim); Jones v. Hennsely, Civil Case 90-3592 JPV (N.D. Cal.) (04/08/91 Order dismissing case for failure to state a claim); Jones v. Vasquez, Civil Case 92-251 JPV (N.D. Cal.) (03/02/92 Order dismissing case because complaint did not state a constitutional claim); Jones v. Law Librarian Folsom State Prison, Civil Case 92-492 DFL (GGH) (E.D. Cal.) (01/20/93 Order adopting Report & Recommendation (R&R) re dismissal of complaint for failing to state access to courts claim); and Jones v. Law Librarian Folsom State Prison, 999 F. 2d 543 (9th Cir. 1993) (unpublished table opinion) (affirming district court's dismissal; Jones v. Joiner, Civil Case 95-229 WBS (GGH) (E.D. Cal.) (06/30/95 R&R that complaint be dismissed as frivolous & 09/18/95 Order adopting R&R).

1   2.   Plaintiff shall pay the $250.00 filing fee in full within **thirty (30) days** or this action will be dismissed, without prejudice;[3]

2   3.   The court's order of May 21, 2007, granting leave for plaintiff to proceed in forma pauperis, is VACATED;

3   4.   The court's order of May 21, 2007, directing the CDC to make payment of the filing fee, is VACATED; and

4   5.   The Clerk of the Court is DIRECTED to serve a copy of this order on:

   (1)   the Director of the CDC at 1515 S Street, Sacramento, California 95814; and

   (2)   the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

IT IS SO ORDERED.

**Dated:   November 7, 2008**                /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] The filing fee to file a complaint was $250.00 on July 28, 2005, the date plaintiff filed the complaint commencing this action.

3